Page 2

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

~ 0 6 - 7 5 8 ~

| United States District Court | District |
|---|---|

| Name (under which you were convicted): Donald F. Bass | Docket or Case No.: |
|---|---|

| Place of Confinement: Delaware Correctional center | Prisoner No.: 187042 |
|---|---|

Petitioner (include the name under which you were convicted)     Respondent (authorized person having custody of petitioner)

Donald F. Bass          v.    Thomas L Carroll Warden

The Attorney General of the State of    Danberg Carl

DEC 11 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD Scanned
IFP

PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: Superior Court of the State of Delaware, 500 N. King Street, Wilm, Del 19801

(b) Criminal docket or case number (if you know): IN84100159R1

2.  (a) Date of the judgment of conviction (if you know): March 29, 1985  Dec 10, 1984

(b) Date of sentencing: March 29, 1985

3.  Length of sentence: Six Months at level V

4.  In this case, were you convicted on more than one count or of more than one crime? Yes ☐ No ☑

5.  Identify all crimes of which you were convicted and sentenced in this case:

11 Del.C. 1252 Escape in the Second degree

6.  (a) What was your plea? (Check one)

(1)   Not guilty ☑          (3)   Nolo contendere (no contest) ☐

(2)   Guilty ☐              (4)   Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

      Jury ☐       Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

      Yes ☐  No ☐

8.  Did you appeal from the judgment of conviction?

      Yes ☐  No ☐

9.  If you did appeal, answer the following:

    (a) Name of court: _____

    (b) Docket or case number (if you know): _____

    (c) Result: _____

    (d) Date of result (if you know): _____

    (e) Citation to the case (if you know): _____

    (f) Grounds raised: _____

    _____

    _____

    _____

    _____

    _____

    (g) Did you seek further review by a higher state court?  Yes ☐  No ☐

       If yes, answer the following:

       (1) Name of court: _____

       (2) Docket or case number (if you know): _____

       (3) Result: _____

       _____

       (4) Date of result (if you know): _____

       (5) Citation to the case (if you know): _____

       (6) Grounds raised: _____

       _____

       _____

       _____

    (h) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☐  No ☐

       If yes, answer the following:

       (1) Docket or case number (if you know): _____

Page 4

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☑ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _Delaware Superior Court_

(2) Docket or case number (if you know): _IN84-10-0159-R1_

(3) Date of filing (if you know): _January 10, 2005_

(4) Nature of the proceeding: _Postconviction motion_

(5) Grounds raised: _Ineffective assistance of counsel, Mistaken waiver of right_

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ☐ No ☑

(7) Result: _Summarily Dismissed as Time barred_

(8) Date of result (if you know): _April 13, 2005_

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _Delaware Superior Court_

(2) Docket or case number (if you know): _ID# 84005799 DI_

(3) Date of filing (if you know): _April 4, 2006_

(4) Nature of the proceeding: _Postconviction motion_

(5) Grounds raised: ▓▓▓▓▓▓▓▓

_Abuse of Discretion, Denial of equal Protection of the law._

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?       Yes ☐   No ☑

(7) Result: __Summarily Dismissed as Time barred__

(8) Date of result (if you know): __May 19, 2006__

(c) If you filed any third petition, application, or motion, give the same information:

   (1) Name of court: _____

   (2) Docket or case number (if you know): _____

   (3) Date of filing (if you know): _____

   (4) Nature of the proceeding: _____

   (5) Grounds raised: _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?       Yes ☐  No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

   (1) First petition:       Yes ☑   No ☐

   (2) Second petition:    Yes ☑   No ☐

   (3) Third petition:      Yes ☐   No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: _Denial of equal Protection of the law_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_The felony charge and conviction for 11 Del.C. 1252 Escape in the second degree from Ferris school for boys, Denied the petitioner due process and equal protection of the law. Because provisions enacted by the Delaware legislature clearly makes an exception to the offense of 11 Del.C. 1252 Escape in the second degree constituting a felony, when committed by any child under the civil jurisdiction of the department of correction._

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

(c) Direct Appeal of Ground One:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☑

    (2) If you did not raise this issue in your direct appeal, explain why: _I entered a plea_

_____

(d) Post-Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?       Yes ☑  No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Motion for Postconviction Relief_

Name and location of the court where the motion or petition was filed: _Superior Court of the state of Delaware, 500 N. King St, Wilm, Del, 19801_

Docket or case number (if you know): # 840057990I

Date of the court's decision: May 19, 2006

Result (attach a copy of the court's opinion or order, if available): _____
Summarily dismissed as Time-barred

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: The Delaware Supreme
Court, Dover, Del, 19903

Docket or case number (if you know): 291, 2006

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): Affirmed the
decision of the Superior Court

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative
remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

GROUND TWO: Abuse of Discretion

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The superior court was without the authority to convicted
or punish the petitioner Bass of a felony for the escape
from ferris school for boy's, because the Delaware legislature
enacted legislation that divest the superior of the authority

Page 8

to convicted the petitioner of a felony for the offense of escape.

(b) If you did not exhaust your state remedies on Ground Two. explain why: _____

_____

(c) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction. did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why: I entered a plea,

_____

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: motion for postconviction Relief

Name and location of the court where the motion or petition was filed: Superior Court State of Delaware, 500 N. King Street, Wilm, Del 19801

Docket or case number (if you know): _____ 8405799 DI

Date of the court's decision: _____ May 19, 2006

Result (attach a copy of the court's opinion or order, if available): _____

Summarily Dismissed as Time-barred

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑   No ☐

(5) If your answer to Question (d)(4) is "Yes." did you raise this issue in the appeal?

Yes ☑   No ☐

(6) If your answer to Question (d)(4) is "Yes." state:

Name and location of the court where the appeal was filed: The Delaware Supreme Court, Dover, Del 19903

Docket or case number (if you know): __291, 2006__

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

Affirmed the Decision of the Superior Court

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative
remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

# GROUND THREE: Ineffective assistance of counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Petitioner counsel allow, the petitioner Bass to plea guilty to a
felony the Superior Court had been divested of it's authority
of, failed to to investigate the statutory scheme that
pertain to the petitioner, and failed to give the petitioner
ture notice of the charge against him,

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐ No ☑

(2) If you did **not** raise this issue in your direct appeal, explain why: I entered a plea

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?          Yes ☑  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Motion for Postconviction Relief_

Name and location of the court where the motion or petition was filed: _____

_The Superior of the State of Delaware_

Docket or case number (if you know): _IN84-10-0159-R1_

Date of the court's decision: _April 13, 2005_

Result (attach a copy of the court's opinion or order, if available): _____

_Summarily Dismissed as Time-barred_

(3) Did you receive a hearing on your motion or petition?

Yes ☐  No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Delaware Supreme_

_Court, Dover, Del, 19903_

Docket or case number (if you know): _179, 2005_

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_Affirmed the decision of the Superior Court_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

GROUND FOUR: Mistaken Waiver

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner Plead guilty to a felony offense that did not apply to him on the advice of his counsel,

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why: I entered a Plea

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?        Yes ☑  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Postconviction Relief

Name and location of the court where the motion or petition was filed:

The Superior Court in the State of Delaware

Docket or case number (if you know): IN84-10-0159-R1

Date of the court's decision: April 13, 2005

Result (attach a copy of the court's opinion or order, if available):

Summarily Dismissed as Time-Barred

(3) Did you receive a hearing on your motion or petition?

Yes ☐    No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of the State of Delaware

Docket or case number (if you know): 179, 2005

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____
Affirmed the Decision of the Superior Court

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ☑ No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    Yes ☐ No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____ __

_____

_____

_____

_____

_____

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    Yes ☐    No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

(b) At arraignment and plea: David M. Lukoff, Esq, Office of the
Public Defender, 820 North French St, Wilm, Del 19801

(c) At trial: _____

(d) At sentencing: David M. Lukoff, Esq, Office of the Public Defender
820 North French St, Wilm, Del, 19801

(e) On appeal: _____

(f) In any post-conviction proceeding: _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☑    No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _Superior Court of the State of Delaware_

(b) Give the date the other sentence was imposed: _November 20, 1998_

(c) Give the length of the other sentence: _Eight life's plus seventyeight years_

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    Yes ☐  No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* _Because Petitioner did not discover his innocents into after a review of the standard and procdures of the juvenile statutory scheme, and the gaunds raised, If proven and viewed in light of the evidence as a whole, would establish by clear and conviving evidence that, but for constitutional error, no reasenable factfinder would found the Petitioner guilty of the felony offense, And the law does not permit the petitioner to be convicted of a felony for the offense if applied pursuant to the Statutory Scheme._

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Therefore, petitioner asks that the Court grant the following relief: _Vacate the incumbent_
_Sentence and remand the case for resentencing that would not_
_take into account the unconstitutional conviction for violation of 11 Del. C. 1252_
or any other relief to which petitioner may be entitled.

_Mr Don. J. Bass   Pro Se_

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on
_____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

*(...continued)

   (A) the date on which the judgment became final by the conclusion of direct review or the
expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in
violation of the Constitution or laws of the United States is removed, if the applicant was
prevented from filing by such state action;

   (C) the date on which the constitutional right asserted was initially recognized by the
Supreme Court, if the right has been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral
review with respect to the pertinent judgment or claim is pending shall not be counted toward
any period of limitation under this subsection.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

## IN FORMA PAUPERIS DECLARATION

_____

[Insert appropriate court]

\* \* \* \* \*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

_____
Plaintiff

v.

_____

_____
Defendant(s)

## ORDER

IT IS HEREBY ORDERED, this ____ day of _____, 200_ that the attached Motion for Extension of Time has been read and considered.
IS IS ORDERED that the Motion is hereby GRANTED/DENIED.
IT IS FURTHER ORDERED THAT

_____

_____

_____

_____
Judge

DELAWARE CORRECTIONAL CENTER
INMATE REQUEST FOR CERTIFIED TRUST FUND
ACCOUNT STATEMENT OF PRIOR SIX-MONTH PERIOD


TO:     Mrs. Tonya Smith
        Support Services Manager                                         DATE: _____, _____
        Delaware Correctional Center
        Smyrna, Delaware  19977



FROM:   _____          _____

        Inmate Name   (Please Print Name)                            SBI #



--- I HEREBY CERTIFY ---


        Pursuant to the Prison Litigation Reform Act, 28 U.S.C. 1915 (a)(2),
Effective April 26, 1996, I am requesting a certified Statement of my Institution Trust
Fund Account for the previous six-month period. Please forward same to me.


_____
Signature

(28 U.S.C. 1746 and 18 U.S.C. 1621)

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    1
                       ( as of  01/12/2005 )

State of Delaware v.  DONALD F BASS                       DOB: 05/25/1966
State's Atty: WILLIAM L GEORGE , Esq.     AKA: DONALD L BASS
Defense Atty: DAVID M LUKOFF , Esq.            DONALD L BASS
                                               DON F BASS


Assigned Judge: BALICK BERNARD

Charges:
Count    DUC#        Crim.Action#   Description       Dispo.    Dispo. Date
-----------------------------------------------------------------------------
 001   84005799DI    IN84100159R1   ESCAPE 2ND         PG       12/10/1984
       Event
No.    Date          Event                             Judge
-----------------------------------------------------------------------------
       09/27/1984                                JOHNSON,VIRGINIA W.
       WARRANT AND COMMITMENT
       $1000 SEC.ISSUED THRU JP18
       10/09/1984
       PRELIMINARY HEARING
       WAIVED IN CCP
 1     11/07/1984
       TRUE BILL
 2     11/07/1984
       MOTION FOR REDUCTION OF BAIL
       TO BE HEARD 111984
       11/14/1984                                O'HARA ROBERT C.
       ARRAIGNED,WAIVED READING,ENT PLEA N GLTY
       PUBLIC DEFENDER.
       11/19/1984                                O'HARA ROBERT C.
       MOTION FOR REDUCTION OF BAIL
       AS TO #002  DENIED
       11/28/1984
       STATE'S WITNESS SUBPOENA ISSUED
       12/03/1984
       SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
       12/03/1984
       SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
 3     12/04/1984
       DISCOVERY REQUEST
 6     12/07/1984
       DISCOVERY RESPONSE
 4     12/10/1984
       GUILTY PLEA FORM
 5     12/10/1984
       PLEA AGREEMENT
       12/10/1984                                GEBELEIN RICHARD S.
```

A 12

```
                    SUPERIOR COURT CRIMINAL DOCKET                    Page    2
                        ( as of   01/12/2005 )

State of Delaware v.  DONALD F BASS                              DOB: 05/25/1966
State's Atty: WILLIAM L GEORGE , Esq.      AKA: DONALD L BASS
Defense Atty:                                   DON F BASS

      Event
No.   Date            Event                              Judge
-------------------------------------------------------------------------------
      CRIMINAL TRIAL CALENDAR-ENTRED GLTY PLEA
      TO 0159,ESCAPE 2ND. PSIORD.
      (LUKOFF,ESQ.)
      12/10/1984
      SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
      12/11/1984
      WITNESSES APPEARED FOR STATE
7     03/29/1985                              BALICK BERNARD
      SENTENCE
      AS TO 0159,ESCAPE 2ND: PC
      $86.24. IF DEFT.FAILS TO PAY
      THE COSTS BY EXP.OF SENT.,HE
      SHALL DO UNDER THE WORK REF.
      PROGRAM.BE IMP.FOR 6MOS.CONSE-
      CUTIVELY WITH SENT.DEFT.IS
      PRESENTLY SERV.,THAT BEG.
      040585 & END 100485. BE CONT.
      IN CUSTODY OF DEPT.OF CORRECT.
      FOR IMP. D/LUKOFF S/BARRON
      CR/WHITE CC/VOLZONE
8     01/03/2002                              GEBELEIN RICHARD S.
      NOTICE FROM ACCOUNTING DEPARTMENT.  FINANCIAL OBLIGATIONS FOR THIS
      CASE HAVE BEEN DEEMED UNCOLLECTABLE $86.24.
9     01/10/2005
      MOTION FOR POSTCONVICTION RELIEF FILED. PRO SE
      REFERRED TO JUDGE JURDEN FOR JUDGE GEBELEIN.
10    01/12/2005
      LETTER FROM A. HAIRSTON, PROTHONOTARY OFFICE   TO STEVE WOOD, DAG
      RE: NOTICE OF FILING OF PRO SE MOTION FOR POSTCONVICTION RELIEF.

              *** END OF DOCKET LISTING AS OF  01/12/2005 ***
                      PRINTED BY: CSCAHAI
```

A13

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) |
| v. | )    I.D. # IN84-10-0159-R1 |
| | ) |
| DONALD F. BASS | ) |
| | ) |
|        Defendant. | ) |

Date Submitted: January 13, 2005
Date Decided: April 13, 2005

## O R D E R

### Upon Defendant's *Pro Se* Motion for Post-Conviction Relief
### SUMMARILY DISMISSED

Steven P. Wood, Esquire, Deputy Attorney General, Carvel State Building, 820 North French Street, Wilmington, Delaware 19801, for the State of Delaware.

Donald F. Bass, Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977, Defendant, *Pro se*.

David M. Lukoff, Esquire, Office of the Public Defender, Carvel State Building, 820 North French Street, Wilmington, Delaware 19801, for the Defendant.

JURDEN, J.

A21

Before the Court is a motion for post-conviction relief filed by Donald F. Bass (hereinafter the "Defendant") pursuant to Superior Court Criminal Rule 61. For the reasons that follow, the Defendant's motion is **SUMMARILY DISMISSED**.

1. On December 10, 1984, the Defendant pled guilty to Escape Second degree and on March 29, 1985 he was sentenced to six months at Level V. In 1987, the Defendant was convicted of Delivery of Cocaine and in 1990 he was convicted of Robbery First degree. On November 20, 1998, the Court subsequently imposed a mandatory habitual offender sentence of eight life terms plus seventy-eight mandatory years. The Defendant appealed this conviction and sentence on December 23, 1998. On September 13, 2000, the Delaware Supreme Court affirmed the conviction and sentence.[1] On January 10, 2005, the Defendant filed the present motion for post-conviction relief.

2. In a motion for post-conviction relief under Superior Court Criminal Rule 61, the Court is to apply the rules governing procedural requirements before addressing substantive claims.[2] Rule $61(i)(1)$ specifically bars consideration of any

---

[1] *Bass v. State*, 2000 WL 1508724 *3 (Del. 2000).

[2] *Younger v. State*, 580 A.2d 552, 554 (Del. Super. Ct. 1990).

claim that has been "filed more than three years after the judgement of conviction is final."[3]

3.    With regard to the Escape Second degree charge, the Defendant has not filed an appeal, or any other motion for post-conviction relief, other than the present motion. In this case, the Defendant filed his motion for post-conviction relief nearly twenty years after the judgment of conviction became final in his case. The claims that the Defendant asserts in this motion are procedurally barred pursuant to Superior Court Criminal Rule 61(i)(1). Additionally, the Defendant has not offered any evidence that a "colorable claim" exists such that the procedural bar should be inapplicable.[4] As a result of these procedural bars, the Court will not address the substantive claims and each of the claims is Summarily Dismissed.[5]

For the foregoing reasons, the Defendant's Motion for Post-conviction relief is **SUMMARILY DISMISSED**.

**IT IS SO ORDERED.**

Jan R. Jurden, Judge

---

[3] *See* DEL. SUPER. CT. CRIM. R. 61(i)(1).

[4] *See* DEL. SUPER. CT. CRIM. R. 61(i)(5).

[5] *See* DEL. SUPER. CT. CRIM. R. 61(d)(4)("If it plainly appears from the motion for post-conviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified.").

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) |
| | ) |
| v. | )   I.D. # 84005799DI |
| | ) |
| DONALD F. BASS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Date Submitted: April 4, 2006
Date Decided: May 19, 2006

## ORDER

Upon Defendant's *Pro Se* Motion for Postconviction Relief
### SUMMARILY DISMISSED

Steven P. Wood, Esquire, Deputy Attorney General, Carvel State Building, 820 North French Street, Wilmington, Delaware, 19801, for the State.

Donald F. Bass, Delaware Correctional Center, 1181 Paddock Road, Smyrna, Delaware, 19977, Defendant, *Pro se.*

JURDEN, J.

*State v. Bass*
ID # 84005799DI
Page 2

This is the Court's decision of the Defendant Donald F. Bass's (hereinafter the "Defendant") second *pro se* Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61. For the reasons stated below, the Defendant's Motion is hereby **SUMMARILY DISMISSED**.

## *Procedural History*

On December 10, 1984, the Defendant pled guilty to Escape Second Degree. On March 29, 1985, he was sentenced to six months at Level V, beginning on April 5, 1985. On January 10, 2005, the Defendant filed his first Motion for Postconviction Relief. This Court summarily dismissed that Motion on April 13, 2005. On June 20, 2005, the Defendant filed an appeal in the Supreme Court, and on July 25, 2005, the Supreme Court affirmed this Court's decision. On April 4, 2006, the Defendant filed his second Motion for Postconviction Relief which it presently before the Court. The Defendant is currently at Level V serving eight life sentences, plus seventy-eight years.

## *Summary of Grounds*

The Defendant's Motion contains two grounds for relief: (1) abuse of discretion and (2) denial of equal protection. In his Memorandum of Law In Support of Defendant's Motion for Postconviction Relief (hereinafter "Memorandum of Law"), the Defendant raises several additional issues. He

*State v. Bass*
ID # 84005799DI
Page 3

asserts that (3) his plea agreement violated his due process rights, (4) it was not entered voluntarily, knowingly and intelligently, and (5) he is entitled to withdraw his plea under the 6th and 14th amendment rights to fair and impartial proceedings.[1]

## *Standard of Review*

In a motion for postconviction relief under Superior Court Rule 61, the Court is to apply the rules governing procedural requirements before addressing substantive claims.[2] Rule 61(i)(1) specifically bars consideration of any claim that has been "filed more than one year after the judgment of conviction is final."[3] Rule 61(i)(4) bars consideration of any claim that was "formerly adjudicated...unless reconsideration of that claim is warranted in the interest of justice."[4]

## *Discussion*

The Defendant's grounds two through five were raised in his January 10, 2005 Motion for Postconviction Relief. As the Defendant presents no evidence that reconsideration of those claims is warranted in the interest of justice, they are summarily dismissed pursuant to Rule 61(i)(4).[5]    The

---

[1] Memorandum of Law in Support of Defendant's Motion for Postconviction Relief.

[2] *Younger v. State*, 580 A.2d 552, 554 (Del. Super. Ct. 1990).

[3] *Del. Super. Ct. Crim. R.* 61(i)(1)(effective where the judgment of conviction became final after July 1, 2005, the statute of limitations for filing a Rule 61 Motion was changed from three years to one year).

[4] *Del. Super. Ct. Crim. R.* 61(i)(4).

[5] *See Del. Super. Ct. Crim. R.* 61(i)(4); D.I. # 9; D.I. # 11.

*State v. Bass*
ID # 84005799DI
Page 4

remaining ground, that the Superior Court abused its discretion in charging

him with Escape Second Degree, is time-barred, because the Motion was

filed more than twenty years after the judgment of conviction became final

and well outside of the three-year statute of limitations in effect in 1984.

### *Conclusion*

For the reasons stated above, the Defendant's Motion for Postconviction

Relief is hereby **SUMMARILY DISMISSED**.

**IT IS SO ORDERED.**

Judge Jan R. Jurden

IM Donald Bass
SBI# 187042    UNIT NHU-23
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



Office of the Clerk
United States District Court for Delaware
844 N. King Street, Lockbox 18
Wilmington, Delaware
        19801 - 3570