In The United States District Court
for the District of Delaware

Case No. 06-758

Memorandum in Support of § 2254 motion of Donald F. Bass

FILED
DEC 11 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
☒ scanned

## INTRODUCTION

Comes now the Petitioner, Donald F. Bass, pro se, pursuant to 28 U.S.C. § 2254, and files this Memorandum in Support of his motion to vacate and set Aside his conviction and Sentence for violation of 11 Del. C. 1252, Escape in the Second degree, and states as follow:

On September 6, 1972, the United States Court of Appeals for the District of Columbia issued a decision in United States v. Bland, 472 F.2d 1329, 153 U.S. App. D.C. 254 (1972), holding that statute defining the term child as not including an individual 16 years of age or older who is charged by the United States Attorney with certain enumerated offenses is not unconstitutional either as an arbitrary legislative classification or as a negation of the presumption of innocence, To otherwise construe state or federal government statutory scheme denied the

Petitioner Due Process and Equal Protection of the Law Petitioner's conviction for 11 Del.C. 1252 escape in the second degree a class (E) felony does not meet the criteria as described in the Bland decision, it should be vacated.

## BACKGROUND

On September 22, 1984 the Petitioner Donald F. Bass was in the custody of Ferris School for Boy's the Division of Youth Rehabilitative Services pursuant to 10 Del.C. 937(c)(2) when he ran away from the facility. On September 27, 1984 the Petitioner was arrested and charged with escape in the second degree a class (E) felony for running away from the facility.

On March 29, 1985 the Petitioner appeared before Superior Court of the State of Delaware represented by Public Defender David M. Lukoff, Esq. Petitioner's public defender informed Petitioner the state was offering a plea agreement to the charge of escape second degree a class (E) felony with six months at level I. Petitioner's counsel also informed Petitioner if he choose to go to trial, If convicted Petitioner could receive seven year's, based upon counsel explanation Petitioner signed the plea agreement December 10, 1984, Petitioner pled guilty to escape second degree a class (E) felony and on March 29, 1985 was sentenced to six months at level I.

-2-

On November 20, 1998 the Superior Court of the State of Delaware imposed a mandatory Habitual Offender sentence of eight life terms plus seventy-eight mandatory years for Petitioner's 1998 conviction applying the March 29, 1985 conviction for escape second degree as one of the triggering felony conviction.

On January 13, 2005 the Petitioner filed a motion for post-conviction relief in the Superior Court of the State of Delaware challenging the March 29, 1985 conviction for escape second degree, on the grounds of mistaken waiver of right and Ineffective assistance of counsel alleging he was actually innocent of escape in the second degree, the court summarily dismissed the motion on April 13, 2005. On June 20, 2005, the Petitioner filed an appeal in the Supreme Court of the State of Delaware, and on July 25, 2005 the Supreme court affirmed the decision.

On April 4, 2006 the Petitioner filed a second motion for postconviction relief in the Superior Court of the State of Delaware challenging the March 29, 1985 conviction for escape second degree, on the grounds of Abuse of discretion and Denial of equal Protection of the law, the court summarily dismissed the motion on May 19, 2006, the Petitioner filed an appeal in the Supreme Court on June 12, 2006, and on August 17, 2006 the Supreme Court affirmed the decision.

## STANDARD OF REVIEW

The standard of review for this Honorable Court is whether Petitioner can demonstrate that the issue involving 10 Del. C. 921 in conjunction with 10 Del. C. 937(c) is debatable among jurists of reason, that a Court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. Lozada v. Deeds, 498 U.S. 430 (1991)

# ARGUMENT

I. Escape in the Second degree Required a class (E) Felony Conviction, Which the Superior Court was without the authority or jurisdiction under 10. Del. C. §937(c)(4) to Convicted or Sentence the Petitioner.

The Petitioner plead guilty to escape second degree a class (E) felony in March of 1985, At the time Petitioner Committed this offense, 10 Del. C. §937(c)(4) Provided: Where a child has been declared in need of mandated institutional treatment in accordance with paragraphs (1) and (2) of this subsection, and he is subsequently charged with having Committed one or more offenses which offense or offenses occurred subsequent to the child having been declared a child in need of mandated institutional treatment, the court shall Conduct a hearing to determine whether the child is amenable to the rehabilitative processes of the Court pursuant to §938(c) of this Title. "Offense" in this paragraph shall mean all offenses which would constitute a felony were he charged as an adult under the laws of this state, with the exception of a charge of escape pursuant to subpart E of subchapter VI of chapter 5 of Title 11.

In the case of United States v. Bland, D.C.Cir, the law is well settled that a legislative scheme vesting broad authority in the state or federal government through the charging process

to determine whether a child shall be prosecuted as a juvenile or as an adult is not a denial of due process in the absence of suspect factors race or religion or other arbitrary classifications. United States v. Bland, D.C. Cir, 472 F.2d 1329, 1333-37 (1972).

The Delaware statutory scheme clearly set forth legislative intent in 10 Del. C. §938, Legislative intent to permit only two class of children to be tried and convicted as adults in the Superior Court: (1) Children of any age charged and convicted of any of the crimes delineated in Section 938(a)(1) and (2) Children sixteen years of age or over charged with specified offenses and whom family court has found to be nonamenable to its rehabilitative process pursuant to procedures and standards set forth in Section 937(c)(4) and 938(c), The Legislature has excluded the offenses of escape constituting a felony offense being subjected to the amenability process as adults in Superior Court, legislature's power to legislate in this area consistent with due process and equal protection, If Legislature had explicitly declared that a child regardless of age, should be proceeded against as an adult for escape constituting a felony offense, or that a child sixteen years of age or over charged with the offense of escape should be proceeded against as an adult, Petitioner would have no claim to denial of equal protection, But legislature intended to divest Superior Court of jurisdiction to either convict or to sentence the Petitioner of the offense of escape in the second degree a class(E) felony,

-6-

The Delaware Statutory scheme mirrored that of other jurisdictions, <u>Logan v. United States, 483 A.2d 664 (D.C. 1984)</u> Statue which permitted juveniles to be tried as adults are for certain specified offense.

In the instant case, Petitioner Bass pled guilty to conduct that was explicitly declared an offenses that could not be subjected to the amenability process as a felony offense pursuant to <u>10 Del. C. 937(c)(4)</u>, To otherwise construe state or federal government statutory scheme denied the Petitioner Bass equal Protection of the law pursuant to <u>42 U.S.C.A § 1981.</u>

# ARGUMENT

II. Petitioner's counsel was ineffective in representation because he was not aware that 11 Del. C. 1252 should not apply to Petitioner's conduct, for not challenging the 11 Del. C. 1252 Class (E) Felony, and for allowing Petitioner to plead guilty to the Felony offense.

Petitioner plead guilty to 11 Del. C. 1252 escape in the second degree. At the time this offense occurred Petitioner Bass was under the civil jurisdiction of the family court pursuant to 10 Del. C. 937(c) The initial House version of Section 10 Del. C. 937(c)(4), Enacted by the General Assembly of the State of Delaware approved July 8, 1980, provided that " Where a child has been declared in need of mandated institutional treatment in accordance with paragraphs (1) and (2) of this subsection, and he is subsequently charged with having committed one or more offenses which offense or offenses occurred subsequent to the child having been declared a child in need of mandated institutional treatment, the Court shall conduct a hearing to determine whether the child is amenable to the rehabilitative processes of the Court pursuant to §938(c) of this Title. "Offense" in this paragraph shall mean all offenses which would constitute a felony were he charged as an adult under the laws of this state, with the exception of a charge of escape pursuant to Subpart E of subchapter II of chapter 5 of Title 11.

The Delaware legislature clearly set forth legislative intent pursuant to the offense of 11 Del. C. 1252 being subjected to the amenability process as a adult in the Superior court, when committed by any child under the civil jurisdiction of the department of correction pursuant to procedures and standards set forth in sections 10 Del. C. 937(c) in conjunction with 10 Del. C. 938(c) The Delaware legislation makes and exception to the offense of 11 Del. C. 1252 constituting a felony subjected to the adult process. Logan v. United States, 483 A.2d 664, 667 (D.C. 1984)

The Petitioner's counsel never required into the family court's waiver of exclusive jurisdiction over Petitioner Bass pursuant to 10 Del. C. 921 in conjunction with 10 Del. C. 937(c). It is clear that the waiver of jurisdiction is a criticlly important action determing important statutory rights, Kent v. United States, 383 U.S. 541, 554, 86 S.Ct. 1045, 16 L.Ed. 2d 84 (1966) The statutory scheme make it plain, The family court is vested with original and exclusive jurisdiction over the Petitioner Bass, This jurisdiction confers with special rights and immunities as specified by the statutes, Watkins v. United States, 119 U.S.App.D.C. 409, 343 F.2d 278 (1964)

In this case, If Petitioner's Counsel had required into the denial of Petitioner's right to an amenability hearing before Petitioner was proceeded against as an adult, Counsel would have found that the statutory scheme pursuant to 10 Del. C. 937(c) makes an exception to the offense of 11 Del. C. 1252

-9-

Constituting a felony being subjected to the amenability process as an adult in the Superior Court. (Exhibit-A) If Petitioner had been afforded the effective assistance of Counsel he would have been found amenable to the family Court process and afforded the fair judicial treatment in his best interest pursuant to 10 Del. C. 902(a), in conjunction with 10 Del. C. 937(c). To otherwise consture the family court's statutory scheme would be a denial of Due process. The amenability process in this case must measure up to the essentials of Due process and fair treatment. Pee v. United States, 107 U.S. App. D.C 47, 50, 274 F.2d 556, (1959).

The Petitioner claims of ineffective assistance of counsel are based upon Counsel's failure to investigate the procedures and standards set forth in sections 10 Del. C. 937(c) in conjunction with 10 Del. C. 938(c) and 10 Del. C. 921 the statutory procedures that applied to the Petitioner, Counsel failure to file a motion challenging the proceedings by which the family court waived it's exclusive jurisdiction, And allowing the petitioner to plead guilty to a Class (E) felony offense. To prevail on Petitioner's ineffective assistance of counsel claim, Lozada must meet the two-prong test of Strickland v. Washington, 446 U.S 668, 104 S.Ct. 2052, 80 L.Ed 674 (1984) Hill v. Lockhart, 474 U.S 52, 106 S.Ct. 366, 88 L.Ed 203 (1985) In the context of a guilty plea challenge, Strickland requires the Petitioner to show that (1) Counsel's representation fell below an objective standard of reasonable-

ness, Strickland v. Washington, 466 U.S at 694, 104 S.Ct at 2068, and (2) counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel errors, the defendant would not have pleaded guilty and would have insisted on going on trial, Hill v. Lockhart, 474 U.S at 58, 106 S.Ct. at 370").

# ARGUMENT

III. Petitioner's Plea to 11 Del. C. 1252 Escape in the second degree a class (E) felony was not Knowing or voluntary.

A plea of guilty is constitutionally valid only to the extent it is "voluntary" and "intelligent." Brady v. United States, 397 U.S. 742, 748 (1970). A plea does not qualify as intelligent unless a criminal defendant first receives "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." Smith v. O'Grady, 312 U.S. 329, 334 (1941).

Petitioner Bass's plea of guilty to the felony charge of 11 Del. C. 1252 escape in the second degree was predicated upon the advice of his defense counsel, who believed that the mere fact that Petitioner ran away from ferris school for boy's the division of youth rehabilitative services was a violation of 11 Del. C. 1252 escape in the second degree. Furthermore, this erroneous belief was also held by the prosecuting attorney who resided over the Petitioner conviction and the Superior Court judge who found a factual basis for Petitioner's guilty plea. In fact, however, this belief by Petitioner Bass, his attorney, the prosecutor and the court was erroneous. To simply run away from Ferris school for boy's the division of youth rehabilitative services

was not a class (E) felony 11 Del.C.1252 offense. In fact, the Delaware legislature set forth legislation pursuant to 10 Del.C. 937(c) in conjunction with 10 Del.C.921 excluding the offense of 11 Del.C.1252 escape in the second degree being subjected to the amenability process as a felony offense in the Superior court when committed by any child under the civil jurisdiction of the Department of correction, Logan v. United States, 483. A.2d 664, 667 (D.C.1984). Holding: The family division of the Superior Court has exclusive jurisdicion over juveniles accused of delinquent acts that would be criminal if committed by a person eighteen years of age or older. Petitioner Bass's guilty plea was not entered knowingly and voluntarily because he did not receive real notice of the true nature of the charge against him.

# ARGUMENT

## IV. Tucker Ruling Held to Apply Retroactively.

It has been held in this Circuit that Tucker applies retroactively to case on collateral review. United States v. Tucker, 404 U.S. 443, 447 (1972). In Tucker, the court relied on Supreme Court authority holding that, "it need not speculate about whether the outcome of the defendant's prior two prosecutions would necessarily have been different if he had had the help of a lawyer, but whether the sentence in the present case might have been different if the sentencing judge had know that at least two of the defendant's previous convictions had been unconstitutionally obtained."

Federal appeals courts have expanded Tucker claims to several circumstances in which prior constitutionally suspect convictions were used to enhance later sentences, Farrow v. United States, 580 F.2d 1339, 1344-48 (9th Cir. 1978) (en banc) Reynolds v. United States, 528 F.2d 461, 462 (6th Cir. 1976), United States ex rel. Fletcher v. Walters, 526 F.2d 359, 361-64 (3d Cir. 1975). Circuit courts have extended the court's reasoning to prohibit the use of prior convictions in cases in which there was ineffective assistance of counsel.

In light of the rulings in the above cases, <u>Tucker</u> establishes the concrete remedy of resentencing for cases in which unconstitutional prior convictions were improperly used in sentencing, and should apply retroactively to Petitioner conviction for <u>11 Del. C. 1252</u>

Petitioner Bass is entitled to the retroactive application of Tucker in his conviction under <u>11 Del. C. 1252</u> on his <u>2254</u> motion.

## CONCLUSION

For the reasons presented herein the Petitioner respectfully requests this Honorable Court afford him relief as follow: Vacate his incumbent sentence and remanded the case for resentencing that would not take into account the unconstitutional conviction for violation of <u>11 Del. C. 1252</u>

## VERIFICATION

I, Donald F. Bass, hereby declare under penalty of perjury that facts stated in the foregoing memorandum are true and correct.

Dated: <u>12-7-06</u>

BY: <u>/s/ Donald F. Bass</u>
      Donald F. Bass

749

CHAPTER 331

FORMERLY

HOUSE BILL NO. 349
AS AMENDED BY HOUSE AMENDMENTS NOS. 1 AND 2

AN ACT TO AMEND CHAPTER 9, SUBCHAPTER III, TITLE 10 OF THE DELAWARE CODE RELATING TO THE FAMILY COURT; MANDATING A MINIMUM OF SIX (6) MONTHS OF CONFINED INSTITUTIONAL TREATMENT FOR CERTAIN CHILDREN; PROVIDING FOR A HEARING BEFORE A JUDGE BEFORE RELEASE ON PASSES, EXTENDED LEAVE OR AFTERCARE RELEASE SUBSEQUENT TO MANDATORY INSTITUTIONAL TREATMENT; AND PROVIDING FOR AN AMENABILITY HEARING FOR LATER CHARGES OF A CHILD WHO HAS ALREADY RECEIVED MANDATORY INSTITUTIONAL TREATMENT.

WHEREAS, the general intention behind the enactment of a mandatory commitment law for juveniles adjudicated delinquet for violating certain deliniated offenses was to serve as a warning to a first offender of the consequences of a second conviction; and

WHEREAS, mandatory prison terms applied to adults require that an offender has an opportunity to mend his ways after an initial confrontation with the courts before he is sentenced as a second offender; and

WHEREAS, the current provisions of 10 Del. C. §937, require that a juvenile be committed for the stated mandatory period if he has been adjudicated delinquent for the enumerated number and types of offenses, regardless of whether all offenses are adjudicated at one hearing; and

WHEREAS, the members of the General Assembly and the members of the Family Court Judiciary desire to establish a mandatory commitment provision triggered only by an offense committed after a first adjudication and within a prescribed period of time.

NOW, THEREFORE:

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF DELAWARE (Two-thirds of all members elected to each House thereof concurring therein):

Section 1. Amend §937(c) Part A, Subchapter III, Chapter 9, Title 10, by striking subsections (1) through and including subsection (6) in their entirety, and substituting in lieu thereof the following new subsections which shall read as follows:

"(1) Any child who has been adjudicated delinquent by this Court of one or more offenses which would constitute a felony were he charged as an adult under the laws of this State, and who shall thereafter within 12 months commit one or more offenses occurring subsequent to the said adjudication which offense or offenses would constitute a felony were he charged as an adult under the laws of this State, and thereafter be adjudged delinquent of said offense or offenses, is declared a child in need of mandated institutional treatment, and this Court shall commit the child so designated to the Department of Correction for at least a six-month period of institutional confinement.

(2) Any child committed to the Department of Correction subsequent to an adjudication of delinquency and who thereafter is adjudicated delinquent of a charge of escape, pursuant to Subpart E of Subchapter VI of Chapter 5 of Title 11, is

-A-

declared a child in need of mandated institutional treatment, and the Court shall recommit the child to the Department of Correction for at least a six-month period of institutional confinement.

(3) A child committed to the custody of the Department of Correction pursuant to this subsection shall not be released from institutional confinement on pass, on extended leave, or to aftercare during the first six months of said commitment; thereafter, a child committed to the Department of Correction pursuant to this subsection shall not be released from institutional confinement on pass, on extended leave, or to aftercare, unless the Judge of the Family Court who originally executed the Commitment order or a Judge of the Family Court designated by the Chief Judge shall, upon a petition filed by the Department of Correction (or its duly authorized representative), the child, the parent(s) or guardian of said child, or by the Court's own initiative, with notice to the Attorney General, determine by a preponderance of the evidence presented at a hearing that: the child has so progressed in his course of mandated institutional treatment that release would best serve both the welfare of the public and the interest of the child.

(4) Where a child has been declared in need of mandated institutional treatment in accordance with paragraphs (1) and (2) of this subsection, and he is subsequently charged with having committed one or more offenses which offense or offenses occurred subsequent to the child having been declared a child in need of mandated institutional treatment, the Court shall conduct a hearing to determine whether the child is amenable to the rehabilitative processes of the Court pursuant to §938(c) of this Title. "Offense" in this paragraph shall mean all offenses which would constitute a felony were he charged as an adult under the laws of this State, with the exception of a charge of escape pursuant to Subpart E of Subchapter VI of Chapter 5 of Title 11.

(5) Whenever a child appears before the Court on charges which would constitute a felony were he charged as an adult under the laws of this State, said child and any parent, guardian or custodian of said child who is present shall be specifically advised of the operation of this subsection."

Section 2. Amend §937(c), Part A, Subchapter III, Chapter 9, Title 10, by striking the subsection designators (7), (8), and (9), and substitute therefore the designators (6), (7), and (8), respectively.

Section 3. This Act shall be effective with respect to acts or courses of conduct which occur after its passage by the General Assembly and execution by the Governor. Except as stated in Section 4, no adjudication of delinquency occurring prior thereto shall be considered in determining appropriate disposition of a delinquent child pursuant to §937 of Title 10.

Section 4. An adjudication of delinquency occurring prior to the effective date of this Act shall be considered in determining appropriate disposition of a delinquent child pursuant to §937 of Title 10 only if both that adjudication and the adjudication under consideration in the disposition come within the terms of both the juvenile mandatory sentencing act in existence at the time of the first adjudication and this Act.

Section 5. This Act shall not affect the status or the commitment order of any child already committed to the Department of Correction pursuant to the predecessor section of this amendment.

Approved July 8, 1980.