IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DONALD F. BASS,                :
                               :
          Petitioner,          :
                               :
v.                             :    Civil Action No. 06-758-JJF
                               :
THOMAS CARROLL,                :
Warden, and ATTORNEY           :
GENERAL OF THE STATE           :
OF DELAWARE,                   :
                               :
          Respondents.         :


## O R D E R

At Wilmington this $\underline{18}$ day of January, 2007;

IT IS HEREBY ORDERED that:

1.  Petitioner Donald F. Bass' Motion for Leave to Proceed In Forma Pauperis is **GRANTED**.  (D.I. 1.)

2.  Petitioner Donald F. Bass' Application For A Writ Of Habeas Corpus Filed Pursuant To 28 U.S.C. § 2254 is **DISMISSED** and the writ is **DENIED** as second or successive. (D.I. 2.)  The instant Application is Petitioner's second habeas challenge to his 1998 conviction and sentence as an habitual offender.[1]  The Court denied Petitioner's first

---

[1] In 1998, Petitioner was convicted on multiple counts of first degree burglary and weapons charges and sentenced to a mandatory habitual offender sentence of eight life terms plus 78 mandatory years.  One of the grounds asserted in Petitioner's first habeas application was that the Delaware Superior Court erroneously sentenced Petitioner as an habitual offender.  In the

habeas application as time-barred.  See Bass v. Carroll,

Civ. A. No. 02-1557-JJF, Mem. Order (D. Del. July 18, 2003).

Petitioner filed the instant Application without first

obtaining permission from the Court of Appeals for the Third

Circuit.  See 28 U.S.C. § 2244(b)(1).  Therefore, the Court

does not have the authority to review the Application.

Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir.

2002)(holding that when a second or successive habeas

petition is erroneously filed "in a district court without

the permission of the court of appeals, the district court's

only option is to dismiss the petition or transfer it to the

court of appeals pursuant to 28 U.S.C. § 1631.").

        2.   Petitioner has failed to make a "substantial

showing of the denial of a constitutional right," 28 U.S.C.

§ 2253(c)(2), and a certificate of appealability is not

warranted.  See United States v. Eyer, 113 F.3d 470 (3d Cir.

1997); 3rd Cir. LAR 22.2 (2002).

        3.   Pursuant to Rule 4, 28 U.S.C. foll. § 2254, the

───────────────────

instant Application, Petitioner contends that his 1984 conviction
for second degree escape is unconstitutional, and he asks the
Court to "vacate the incumbent sentence and remand the case for
re-sentencing that would not take into account the
unconstitutional conviction for violation of 11 Del. C. § 1252
[second degree escape]." (D.I. 2, at p. 15.)  In essence,
Petitioner's pending Application attempts to invalidate one of
the predicate offenses that triggered Petitioner's conviction and
sentence as an habitual offender in 1998.  Thus, the instant
Application constitutes a second or successive habeas
application.

Clerk shall forthwith serve a copy of the Application and
this Order upon: (1) the above-named Warden of the facility
in which Petitioner is housed; and (2) the Attorney General
for the State of Delaware.

    4.  The Clerk shall also send a copy of this Order to
the Petitioner at his address on record.

_Joseph J. Farnan_
United States District Court