**HLD-122**  (July 2007)                                           July 13, 2007

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
C.A. No. 07-1627

DONALD F. BASS

    vs.

WARDEN THOMAS L. CARROLL, ET AL.
(D. DEL. CIV. NO. 06-CV-00758)

Present: SCIRICA, <u>CHIEF JUDGE</u>, WEIS and GARTH, <u>CIRCUIT JUDGES</u>

    Submitted is appellant's application for a certificate of appealability under 28 U.S.C. § 2253(c)(1)

    in the above-captioned case.

                                                  Respectfully,

                                                  Clerk

_____ ORDER _____

    The foregoing application for a certificate of appealability is denied for failure to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To the extent that appellant meant to challenge his 1998 convictions, the December 11, 2006 habeas corpus petition is successive and requires authorization from an appeals court before the District Court may exercise jurisdiction, as explained by the District Court. To the extent that appellant challenged only the 1985 conviction for escape, the habeas corpus petition also properly was dismissed for lack of jurisdiction. A petitioner must be "in custody" at the time a habeas petition is filed. 28 U.S.C. § 2254(a); <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989). If a sentence has fully expired, the petitioner

is no longer "in custody;" the petitioner satisfies the custody requirement only by directly attacking a sentence he is currently serving.  Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-02 (2001).  Appellant's 1985 sentence of six months for second degree escape had fully expired before he filed the instant petition.



A True Copy:

Marcia M. Waldron, Clerk

By the Court,

s/WEIS
United States Circuit Judge

Dated: July 27, 2007
ISC/cc: Donald F. Bass
        Loren C. Meyers, Esq.